IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANDRA CANTU, § | |
| #56174-177, § | |
| Movant, § | |
| § | CIVIL NO. 3:20-CV-105-K |
| v. § | (CRIMINAL NO. 3:17-CR-447-K-1) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Movant Sandra Cantu ("Cantu") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1). As detailed herein, Cantu's Section 2255 motion is **DISMISSED** without prejudice as moot and for failure to prosecute.

### I.   BACKGROUND

On August 30, 2017, Cantu was charged by indictment with six counts of wire fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2, one count of making and subscribing a false return, in violation of 26 U.S.C. § 7206(1), twenty-nine counts of aiding and assisting in the preparation and presentation of false and fraudulent individual income tax returns, in violation of 26 U.S.C. § 7206(2), and three counts of willful failure to file individual tax return, in violation of 26 U.S.C. § 7203. *See* Crim. Doc. 1. On March 29, 2018, she pled guilty to two counts of the thirty-nine-count indictment under a plea agreement. *See* Crim. Docs. 25, 29. By judgment dated January 10, 2019, Cantu was sentenced to a total aggregate term of 48 months' imprisonment, to be followed by one year of supervised release. *See* Crim. Doc. 49.

She also was ordered to pay restitution in the amount of $ 1,761,189.12. *See id.* at 5. She did not appeal the judgment.

Cantu timely filed this Section 2255 motion on January 14, 2020, claiming that her trial counsel rendered ineffective assistance because he: (1) failed to properly consult with her about her appellate rights and file an appeal where Cantu believed her 48-month sentence of imprisonment "was above the necessary range"; (2) "failed to pursue a further sentencing departure or variance under the First Step Act [of 2018, Pub. L. No. 115-397, 132 Stat. 5194 (2018)]"; and (3) failed to challenge the loss amount as it related to the amount of restitution and the sentencing guidelines. *See* Doc. 1 at 4-6. The Government filed a response in opposition to the Section 2255 motion on March 17, 2020. *See* Doc. 6. After receiving an extension to file a reply to the Government's response, Cantu submitted correspondence on July 30, 2020, relating to her personal circumstances and situation. *See* Doc. 9. On February 5, 2021, Cantu was released from the custody of the Bureau of Prisons ("BOP") to begin serving her one-year term of supervised release. *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited March 16, 2023).

## II.   MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotation marks omitted).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted); *see also United States v. Sosebee*, 59 F.4th 151, 154 (5th Cir. 2023). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). In the habeas context, a movant's release from custody does not necessarily render a habeas petition moot. *See Spencer*, 523 U.S. at 7. A movant's release from custody can render a petition moot, however, "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Sosebee*, 59 F.4th at 154 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)) (internal quotation marks omitted). When a movant challenges only aspects of her sentence, rather than her underlying conviction, "she must affirmatively allege and demonstrate collateral consequences" to satisfy the case-or-controversy requirement. *Lopez v. United States*, No. 2:18-CV-126-Z, 2021 WL 1792126, at *2 (N.D. Tex. May 5, 2021); *see also Gorman v. Labarre*, No. 20-108-JWD-EWD, 2023 WL 2254639, at *3 (M.D. La. Jan. 17, 2023) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and

since those sentences expired during the course of these proceedings, this case is moot.")).

Here, Cantu's grounds for relief challenge only her sentence, not her underlying convictions, and she is no longer in BOP custody for habeas purposes. *See* Doc. 1 at 4-6. She has not alleged or shown the existence of any collateral consequences resulting from her conviction. Even if the Court were to liberally construe Cantu's Section 2255 filings as alleging that any outstanding restitution she may owe somehow precludes mootness of her motion, the Court lacks jurisdiction over her claims of ineffective assistance of counsel relating to the restitution order because they fall outside the scope of Section 2255. *See United States v. Reese*, 204 F.3d 1117, 1999 WL 1330662, at *2 (5th Cir. 1999) (determining that "the district court lacked jurisdiction to consider [the movant's] claim that counsel ineffectively failed to file a timely notice of appeal from the restitution order" because such claim did not allege any harm related to his custody); *United States v. Walker*, 78 F.3d 582, 582 (5th Cir. 1996) (holding that the movant's "challenge to the ordered restitution and accompanying claim of ineffective assistance of counsel do not pertain to unlawful custody and, accordingly, fall outside the scope of section 2255.")  Because she has discharged her term of imprisonment, her term of supervised release would have been satisfied in 2022, and she has failed to show any collateral consequences of her conviction, the Section 2255 motion is dismissed as moot.

Further, since her release from BOP custody, Cantu has failed to update her address with the Court and has not communicated with the Court in either this Section 2255 action or the underlying criminal action since January 26, 2021. *See* Crim. Doc. 54. Her Section 2255 motion is therefore also subject to dismissal without prejudice for want of prosecution and failure to comply with court rules. *See* Doc. 3; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has the inherent authority to dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41 for failure to prosecute or follow orders of the court).

## III.   CONCLUSION

For the aforementioned reasons, Cantu's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** without prejudice as moot and for failure to prosecute.

SO ORDERED.

Signed March 16th, 2023.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE